FILED
18 JAN 09 PM 12:48

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00794-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CECILIA GOETZ,<br><br>                Plaintiff,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>                Defendant. | No.<br><br>COMPLAINT |

## I.    PARTIES, JURISDICTION, AND VENUE

1.1    Plaintiff is Cecilia ("Celia") Goetz. Plaintiff resides in Seattle in King County, Washington.

1.2    Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") is a corporation with headquarters in Washington, D.C. Amtrak is a common carrier engaged in the business of transporting passengers by train throughout Washington and the United States. Amtrak has a business office in King County, Washington and operates trains in King County, Washington. Amtrak owns and operates Amtrak Cascades Train No. 501 which operates between Seattle, Washington and Portland, Oregon.

1.3     Venue is proper in King County because Plaintiff resides in King County and Defendant conducts business in King County.

## II.     FACTS

2.1     On December 18, 2017, Amtrak Cascades Train No. 501 ("the train") was traveling from Seattle, Washington when it derailed approximately 40 miles south of Seattle. This was the train's inaugural public run.

2.2     Ms. Goetz was driving on Interstate 5 southbound when she saw the train derail from the track and tumble toward her vehicle. Ms. Goetz knew that she would be unable to escape the train's impact and experienced terror as the train headed for her.

2.3     The train struck and crushed the back of Ms. Goetz's vehicle. Ms. Goetz suffered back and neck injuries as a result of the train's impact.

2.4     The train's derailment occurred at a sharp curve in the track which had a speed limit of 30 miles per hour. The train was traveling at approximately 78 miles per hour when the derailment occurred.

2.5     Positive Train Control would have warned the train's engineer that the train was speeding as it approached the curve and would have slowed the train automatically prior to the derailment.

2.6     Amtrak was not operating Positive Train Control on the train even though Amtrak knew that Positive Train Control could prevent deadly derailments.

## III.     LIABILITY AND CAUSATION

3.1     Defendant Amtrak, its agents and employees, failed to exercise reasonable and ordinary care in operating Amtrak Cascades Train No. 501.

3.2 Amtrak, its agents and employees, operated Amtrak Cascades Train No. 501 in excess of the speed limit when the train derailed.

3.3 Defendant Amtrak, its agents and employees, knew or should have known that Amtrak Cascades Train No. 501 was traveling too fast as it approached the curve where the train derailed.

3.4 Defendant Amtrak, its agents and employees, failed to provide adequate training to the engineer and conductor operating Amtrak Cascades Train No. 501.

3.5 Defendant Amtrak, its agents and employees, failed to implement a safety system, such as Positive Train Control, that would have prevented Amtrak Cascades Train No. 501 from traveling at such a high rate of speed through the curve where the derailment occurred.

3.6 Defendant Amtrak, its agents and employees, failed to exercise ordinary and reasonable care in the design, construction, inspection, and approval of the track where Amtrak Cascades Train No. 501 derailed.

3.7 The negligence of Defendant Amtrak, its employees and agents, was a proximate cause of Plaintiff's injuries and damages.

## IV.   PUNITIVE DAMAGES

4.1 Defendant Amtrak is liable for punitive and/or exemplary damages under choice of law principles. Defendant Amtrak acted with willful disregard of the rights of the Plaintiff and the public. Defendant Amtrak's conduct was outrageous and reckless toward the safety of the Plaintiff and the public.

## V.   DAMAGES

5.1 As a result of the foregoing injuries, Plaintiff seeks the following damages:

  A. General damages, including past and future pain and suffering, loss of enjoyment of life, and mental anguish in an amount to be proven at trial;

  B. Past and future medical and out-of-pocket expenses in an amount to be proven at trial;

  C. Expenses of other care and services in an amount to be proven at trial;

  D. Past and future economic damages in an amount to be proven at trial;

  E. Pre-judgment and post-judgment interest as allowed by law;

  F. Costs of litigation incurred herein; and

  G. All other damages provided by law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendant, for items of damages set forth herein, and for costs and disbursements in bringing this action, and for such other relief as the Court deems just and reasonable.

DATED this 9th day of January, 2018.

  SCHROETER, GOLDMARK & BENDER

  *[signature]*
  SANDRA WIDLAN, WSBA# 25845
  SIMS WEYMULLER, WSBA# 33026
  ELIZABETH McLAFFERTY, WSBA# 45291
  Counsel for Plaintiff