UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECILIA GOETZ,<br><br>              Plaintiff,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,<br><br>              Defendant. | CASE NO. C18-0093 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND CONTINUE CERTAIN DEADLINES |

This matter comes before the Court on Defendant National Railroad Passenger Corporation's ("Amtrak") motion for a protective order, Dkt. 13, and Plaintiff Cecilia Goetz's ("Goetz") motion to compel and continue certain deadlines, Dkt. 15. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Amtrak's motion and grants in part and denies in part Goetz's motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On December 18, 2018, Goetz was driving southbound on Interstate 5. That same morning, Amtrak Train No. 501 was heading south near the highway and entered a corner at a high rate of speed. The train derailed, and one of its passenger cars struck Goetz's vehicle. On January 9, 2018, Goetz filed a complaint against Amtrak in King County

ORDER - 1

Superior Court for the State of Washington. Dkt. 1-2. Goetz asserts a claim for negligence and seeks general damages as well as "punitive and/or exemplary damages under choice of law principles." *Id.* ¶ 4.1.

On January 22, 2018, Amtrak removed the matter to this Court. Dkt. 1.

On February 26, 2018, Amtrak answered and conceded that it "will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017." Dkt. 9, ¶ 3.7.

On August 22, 2018, Amtrak filed a motion for a protective order. Dkt. 13. Amtrak seeks an order that limits discovery to compensatory damages or, in the alternative, defers discovery until after the National Transportation Safety Board ("NTSB") issues its final report on the accident. *Id.* On August 23, 2018, Goetz filed a motion to compel and continue certain deadlines. Dkt. 15. On August 29, 2018, Goetz responded to Amtrak's motion. Dkt. 17. On August 31, 2019, Amtrak replied. Dkt. 20. On September 4, 2018, Amtrak responded to Goetz's motion. Dkt. 22. On September 7, 2018, Goetz replied. Dkt. 25. On September 17, 2018, the parties filed a stipulated motion to extend certain discovery deadlines. Dkt. 26. On September 25, 2018, the Court granted the stipulated motion, which moots a portion of Goetz's motion. Dkt. 27.

## II. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, "the court must limit the frequency or extent of discovery [if] . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

26(b)(2)(C). "The court may, for good cause, issue an order to protect a party from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1). When a defendant admits liability for all damages caused to a plaintiff, the court may limit discovery to damages. *See Broncel v. H & R Transp., Ltd.*, 2011 WL 319822, (E.D. Cal. Jan. 28, 2011) (holding that plaintiff was not entitled to depose defendant Wilson because defendants had already admitted liability); *Ayat v. Societe Air France*, 2008 WL 114936, (N.D. Cal. Jan. 8, 2008) (holding further discovery into liability not warranted because defendant did not contest liability and only asserted three affirmative defenses, all related to damages).

In this case, Amtrak's "discovery" motion is a thinly veiled motion for dispositive relief. For example, Amtrak argues that the Court should apply "Washington law to the issue of punitive damages and no discovery on this topic should be permitted." Dkt. 13 at 10–11. Choice of law, however, is an issue in this case, and Goetz has shown that some authority exists for the Court to allow punitive damages under another jurisdiction's law. *See* Dkt. 17 at 7–10. To the extent punitive damages are an issue in this case, discovery related to this issue is relevant, and Amtrak may only obtain a protective order if it establishes that the requested discovery is disproportionate to the needs of the case, otherwise unduly burdensome or unnecessarily expensive, or lacks importance to the issues at stake. Amtrak has failed to show that any of these circumstances warrant a limitation on relevant discovery. The same is true of Amtrak's attempt to limit discovery related to comparative fault. Therefore, the Court denies Amtrak's motion for a protective order on the relevance of certain discovery.

1 | Amtrak also seeks a stay of some discovery until the NTSB issues its final report.
2 | Dkt. 13 at 12. Goetz responds that Amtrak has failed to show that an outright stay of
3 | discovery is appropriate as opposed to Amtrak temporarily withholding certain
4 | documents and producing a privilege log identifying those documents. Dkt. 17 at 11–12.
5 | The Court agrees, and Amtrak should produce unprivileged information as soon as
6 | practicable. Regarding privileged information, Amtrak should produce a privilege log of
7 | documents under the NTSB's hold and produce that log in due course. In any event,
8 | Amtrak has failed to show good cause for a complete stay of discovery pending the
9 | NTSB issuing a final report.

Based on the foregoing conclusions, the Court grants Goetz's motion on the issue of compelling production. The Court, however, denies the motion as moot on the issue of continuing deadlines because the Court extended these deadlines when it granted the parties' stipulated motion. *See* Dkt. 27.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Amtrak's motion for a protective order, Dkt. 13, is **DENIED** and Goetz's motion to compel and continue certain deadlines, Dkt. 15, is **GRANTED in part** on the issue of compelling discovery and **DENIED in part as moot** on the issue of continuing deadlines.

Dated this 18th day of October, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge