UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECILIA GOETZ,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,<br><br>        Defendant. | CASE NO. C18-93 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PUNITIVE DAMAGES |

This matter comes before the Court on Defendant National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak") motion for summary judgment on punitive damages. Dkt. 57. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is the third motion for summary judgment on punitive damages arising from the same train accident. *See Garza v. Nat'l R.R. Passenger Corp.*, C18-5106BHS, 2019 WL 4849489 (W.D. Wash. Oct. 1, 2019) ("*Garza*"); *Wilmotte v. Nat'l R.R. Passenger Corp.*, C18-0086BHS, 2019 WL 3767133 (W.D. Wash. Aug. 9, 2019) ("*Wilmotte*").

Because those citations provide a detailed version of the facts, the Court will only briefly address the procedural history of this matter.

On January 9, 2018, Plaintiff Cecilia Goetz ("Goetz") filed a complaint for damages in King County Superior Court for the State of Washington. Dkt. 1-2. Goetz seeks actual and punitive damages. *Id.* On January 22, 2018, Amtrak removed the matter. Dkt. 1.

On August 21, 2019, Amtrak filed a motion for summary judgment. Dkt. 57. On September 9, 2019, Goetz responded. Dkt. 59.[1] On September 13, 2019, Amtrak replied. Dkt. 62.

## II. DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

---

[1] Goetz filed a redacted version of her response on the electronic docket and provided the Court with a courtesy copy of the unredacted version. Under the local rules, Goetz must provisionally file an unredacted version under seal along with a motion to seal. Local Rules W.D. Wash. LCR 5(g).

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B. Merits**

"In resolving conflict of law tort questions, Washington has abandoned the *lex loci delicti* rule and follows the *Restatement (Second) of Conflict of Laws'* most significant relationship test." *Singh v. Edwards Lifesciences Corp.*, 151 Wn. App. 137, 143 (2009)

(citing *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580 (1976)).  This is a two-step inquiry involving a weighing of the parties' contacts with the two jurisdictions and then, if the contacts are evenly balanced, evaluating the public policies and governmental interests of the concerned states.  *Id*. at 143–44 (citing *Johnson*, 87 Wn.2d at 58–82).  "Washington courts have held that these same choice of law principles apply to the issue of punitive damages."  *Id*. at 144–45 (examining *Kammerer v. W. Gear Corp.*, 96 Wn.2d 416 (1981); *Barr v. Interbay Citizens Bank of Tampa, Fla.*, 96 Wn.2d 692 (1981)).

In determining which jurisdiction has the most significant relationship to a particular issue, which in this case is the availability of punitive damages, the Court weighs "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."  *Id*. at 143 (citing *Johnson*, 87 Wn.2d at 581).  Although the Court should consider each category of contacts, the Court starts with the general "presumption that in personal injury cases, the law of the place of the injury applies . . . ."  *Zenaida-Garcia v. Recovery Sys. Tech., Inc.*, 128 Wn. App. 256, 261–62 (2005).

In this case, as in *Garza* and *Wilmotte*, the significant dispute involves the place where the conduct causing the injury occurred.  Goetz fails to provide any additional evidence or argument that persuades the Court that Delaware law should apply.  This is not a situation in which the majority of relevant decisions or omissions clearly occurred in another state.  For example, in *Singh*, the defendant discovered the error in its software in California, and it made the decision not to recall the product in California.  151 Wn.

App. at 146–47. Even though the injury occurred in Washington, the court held that California law applied because "the conduct that serves as the basis of the punitive damage award here occurred in California and that state has an interest in deterring its corporations from engaging in such fraudulent conduct." *Id.* at 148.

Contrary to the facts in *Singh*, the relevant facts here establish decisions that permeated Amtrak's local and Delaware offices. The initial planning, construction, and training occurred in Washington. The local office then sent incorrect information to Delaware employees who allegedly failed to adequately review and correct the information or travel plan. Then the local employees initiated the trip and failed to heed speed warnings immediately before the accident. Based on this multiplicity of contacts, Goetz has failed to overcome the presumption that Washington law applies as the place of the injury. Thus, Goetz's punitive damages claim is dismissed for these reasons and the reasons set forth in the Court's orders in *Garza*, 2019 WL 4849489, and *Wilmotte*, 2019 WL 3767133.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Amtrak's motion for summary judgment on punitive damages, Dkt. 57, is **GRANTED**.

Dated this 16th day of October, 2019.

BENJAMIN H. SETTLE
United States District Judge